UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TERRY C. TRENT )
 )
v. ) NO. 2:05-CV-303
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff Terry C. Trent has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Trent was born in 1955 and was 49 years old at the time of his administrative hearing. [Tr. 43, 197]. He completed eighth grade and has relevant past work experience as a truck driver. [Tr. 16, 197]. Mr. Trent alleges he is disabled as of December 1, 2003, from back pain, degenerative disc disease, arm numbness, high blood pressure, and depression. [Tr. 16]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Trent was not disabled as defined by the Social Security Act.

[Tr. 19].

At Mr. Trent's administrative hearing held on May 4, 2005, the testimony of Mr. Trent and Jimmy Roberts, a neighbor, was received into evidence. [Tr. 197-209]. Mr. Trent was unrepresented by counsel at the administrative hearing. [Tr. 196]. Mr. Trent testified he currently works one or two days out of the week driving a dump truck. [Tr. 198]. He has driven a dump truck and other construction vehicles for the past 15 years. [*Id*.]. He would have to lift a maximum of 50 pounds performing those jobs. [Tr. 199]. Mr. Trent testified he believed he was disabled because of painful disks in his neck and back as well as right arm pain and numbness. [Tr. 200]. He attends church about once every other week. [Tr. 204]. Jimmy Roberts, a neighbor of Mr. Trent's, testified next. [Tr. 208-90]. Mr. Roberts indicated he had known Mr. Trent since Mr. Trent was a child. [Tr. 208]. He wanted the ALJ to know that he assisted Mr. Trent in completing some of his disability paperwork. [*Id*.]. In addition, Mr. Roberts testified that Mr. Trent occasionally worked for him in the past and that Mr. Trent would rather be working. [*Id*.].

The ALJ ruled that Mr. Trent was not disabled because his severe impairment of degenerative disc disease was not severe enough for a finding of disability. [Tr. 19]. The ALJ then found Mr. Trent retained the residual functional

2

capacity [RFC] to perform medium work. [Tr. 20]. With that limitation, Mr. Trent could perform his past relevant work as a truck driver. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Trent requests summary judgment and challenges the ALJ's decision. Mr. Trent contends the ALJ erred by failing to obtain all the medical evidence related to his alleged disabilities. Specifically, Mr. Trent complains that the ALJ did not request medical records from his chiropractor, Dr. R. L. Luttrell. Mr. Trent was unrepresented at his administrative hearing. [Tr. 196]. At the hearing, the ALJ asked Mr. Trent if he had been treated by other doctors for his conditions, and Mr. Trent replied that he had been treated at a physical therapy office. [Tr. 202].

3

No mention was made of him being under chiropractic care. More importantly, a chiropractor is not an acceptable medical source in disability matters. 20 C.F.R. § 404.1513(a). Because the ALJ did investigate Mr. Trent's medical history at the administrative hearing and because a chiropractor is not an acceptable medical source, the ALJ did not err.

Mr. Trent also argues the ALJ erred in his credibility finding. The ALJ found that Mr. Trent's allegations were not credible to the extent alleged. To support his finding, the ALJ noted the objective medical evidence did not support significant limitations because of degenerative disc disease. [Tr. 20]. In addition, Mr. Trent is able to walk without difficulty and continues to drive a dump truck on a limited basis. [*Id.*]. The ALJ also explained that Dr. Wayne Page examined Mr. Trent in connection with his application for benefits in May 2004 and found that he had no credibility because he failed to exert effort on examinations. [*Id.*]. Finally, the ALJ noted that Mr. Trent's activities of daily living–yard work, house work, shopping, attending church, visiting with friends, attending meetings–were not the activities of someone who suffered from debilitating pain or symptoms. [*Id.*]. Although it appears the ALJ probably had substantial evidence to support his credibility finding, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Finally, Mr. Trent claims the ALJ erred in his assessment of the medical evidence, specifically the opinion of Kim Ferguson, a nurse practitioner employed by Mr. Trent's treating physician, Dr. John Short. In August 2005, Ms. Ferguson indicated Mr. Trent could occasionally lift/carry less than 10 pounds, frequently lift/carry less than 10 pounds, stand/walk less than two hours in an eight-hour workday, and sit less than six hours in an eight-hour workday. [Tr. 190-91]. He could also never climb, balance, crouch, crawl, or stoop. [Tr. 191]. Finally. Mr. Trent was limited in his ability to reach, handle, finger, and feel. [Tr. 192].

Mr. Trent asserts that the ALJ failed to address these limitations. And, he did. But, the ALJ only failed to address them because the limitations were assigned to Mr. Trent almost exactly one month *after* the ALJ's decision. The ALJ never saw the evidence, and no error was made.

After careful consideration of the entire record of proceedings related to this case, Mr. Trent's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 9] will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE